IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

TIMOTHY DEAN WILLIAMS                                                                PLAINTIFF

v.                                              Case No. 6:20-cv-6139

DARREL BLOUNT                                                                        DEFENDANT

## ORDER

Before the Court is Plaintiff Timothy Williams's Motion for Default Judgment (ECF No. 14). The Court finds that no response is necessary, and that the matter is ripe for consideration.

### I. BACKGROUND

On November 20, 2020, Plaintiff filed this case against Defendant Darrel Blount alleging a single violation of the Fair Debt Collection Practices Act ("FDCPA"). (ECF No. 2). Defendant's attorney executed a waiver of service on May 26, 2021. (ECF No. 11). Defendant did not file a responsive pleading or otherwise defend against the suit within sixty days after the waiver of service was executed. The Clerk of Court entered default as to Defendant on October 13, 2021. (ECF No. 16). Plaintiff now seeks a default judgment against Defendant for a sum certain in the following amounts: $1,000 in statutory damages; $2,860 in actual damages; and $1,950 in attorney fees.

### II. DISCUSSION

A district court may enter a default judgment when a party fails to appropriately respond in a timely manner. *See, e.g.*, *Inman v. Am. Home Furniture Placement, Inc.*, 120 F.3d 117, 119 (8th Cir. 1997). If the court determines that a defendant is in default, the court shall take as true the factual allegations of the complaint, except those relating to the amount of damages. *Everyday Learning Corp. v. Larson*, 242 F.3d 815, 818 (8th Cir. 2001). However, the court must ensure that

"the unchallenged facts constitute a legitimate cause of action" prior to entering final judgment. *See Murray v. Lene*, 595 F.3d 868, 871 (8th Cir. 2010). Accordingly, the Court must determine whether the unchallenged facts presented in the Complaint constitute a legitimate cause of action under the FDCPA.

### A. FDCPA

Plaintiff alleges that Defendant violated the FDCPA when Defendant filed a debt collection lawsuit against Plaintiff in Garland County, Arkansas. Under the FDCPA, any legal action on a debt against a consumer brought by a debt collector must be brought in the judicial district in which the consumer either signed the contract giving rise to the debt or resides at the commencement of the action. *See* 15 U.S.C. § 1692i(a)(2)(A)-(B). "[T]he act applies to attorneys who regularly engage in consumer-debt-collection activity, even when that activity consists of litigation." *Heintz v. Jenkins*, 514 U.S. 291, 299 (1995).

The unchallenged facts of this case are that on September 30, 2016, Plaintiff executed a Retail Installment Contract ("Contract") in Pulaski County, Arkansas, under which Plaintiff received financing to purchase a 2010 Dodge Caliber. Plaintiff allegedly defaulted on the Contract and the vehicle was repossessed. On November 21, 2019, Defendant, as attorney for the financer under the Contract, filed a complaint in the Circuit Court of Garland County ("Debt Collection Action") seeking a judgment for the amount Plaintiff owed under the Contract. Defendant regularly engages in consumer debt collection litigation on behalf of creditors. Plaintiff lived in Bibb County, Georgia, at the time the Debt Collection Action was filed.

Based on the forgoing, the Court finds that Plaintiff has alleged sufficient facts to support a legitimate cause of action against Defendant under the FDCPA. It is undisputed that Plaintiff signed the Contract giving rise to the Debt Collection Action in Pulaski County, Arkansas, and

Plaintiff resided in Bibb County, Georgia, at the commencement of the Debt Collection Action. It is also undisputed that Defendant brought the Debt Collection Action in Garland County, Arkansas. If true, these uncontested allegations demonstrate that Defendant brought the Debt Collection Action in an improper venue in violation of the FDCPA.

The Court must next turn to damages sought by Plaintiff in the instant action. Plaintiff asks that the Court enter default judgment on a sum certain and seeks attorney fees. These amounts are all ascertainable from Plaintiff's evidence, so an evidentiary hearing on damages is not necessary. *Taylor v. City of Ballwin, Mo.*, 859 F.2d 1330, 1333 (8th Cir. 1988). The Court will address Plaintiff's request for damages and attorney fees separately.

### 1. Sum Certain

After determining that a default judgment should be entered, the Court must determine the amount and character of the recovery. Fed. R. Civ. P. 55(b)(2)(B). A default judgment may be entered on a sum certain upon the plaintiff's request, with an affidavit showing the amount due. Fed. R. Civ. P. 55(b)(1).

### i. Statutory Damages

Plaintiff first seeks statutory damages for a sum certain from Defendant in the amount of $1,000. A debt collector who fails to comply with any provision of the FDCPA is liable in an amount equal to the sum of any actual damages suffered by a person as a result of such failure, or "in the case of any action by an individual, such additional damages as the court may allow, but not exceeding $1,000[.]" 15 U.S.C. § 1692k(a)(2)(A). The United States District Court for the Western District of Arkansas has recently awarded a plaintiff $1,000 in statutory damages under the FDCA after defendants failed to respond to plaintiff's complaint. *See McMahan v. Sentry ADR Services, LLC*, No. 6:19-cv-06079-RTD, 2021 WL 1138104, at *2 (W.D. Ark. March 23, 2021).

The court in *McMahan* awarded statutory damages even though Plaintiff had not proven that she had suffered any actual damages because of the FDCPA violations alleged. *Id*.

Based on the forgoing, the Court finds that Plaintiff has presented proof sufficient to award statutory damages in the amount of $1,000.

### ii. Actual Damages

Plaintiff also seeks actual damages under 15 U.S.C. § 1692k for a sum certain in the amount of $2,860. Plaintiff states that he hired Corey D. McGaha to represent him in the Debt Collection Action brought by Defendant in Garland County. In an affidavit attached to the instant motion, Mr. McGaha attests that he charged Plaintiff a flat fee of $2,860 to defend that lawsuit. (ECF No. 15-1). It is uncontested that the Debt Collection Action was dismissed for improper venue under the FDCPA.

Based on the forgoing, the Court finds that Plaintiff has presented proof sufficient to award actual damages in the amount of $2,860.

### 2. Attorney Fees and Costs

Plaintiff also requests the attorney fees he incurred in the instant lawsuit, which Plaintiff alleges total $1,950. Under 15 U.S.C. § 1692k(a)(3), "a debt collector who fails to comply with any provision of [the FDCPA] with respect to any person is liable to such a person in an amount equal to the sum of—in the case of any successful action to enforce the foregoing liability, the costs of the action, together with a reasonable attorney's fee as determined by the court."

Plaintiff also hired Mr. McGaha to represent him in the instant lawsuit. As stated above, the undisputed facts, if true, demonstrate that Defendant violated the FDCPA when he filed the Debt Collection Action in Garland County. Accordingly, the Court finds that Plaintiff is entitled to attorney fees in this action to enforce Defendant's liability under the FDCPA. Therefore, the

Court must determine whether the fee award sought in this case is reasonable under the circumstances.

In determining the reasonableness of an attorney's fee award, a "district court [is] required to first calculate a lodestar, by multiplying the number of hours reasonably expended on litigation by a reasonable hourly rate, and to then consider whether the lodestar amount should be reduced, based on appropriate considerations." *Jones v. RK Enters. of Blytheville, Inc.*, 632 Fed. App'x. 306, 307 (8th Cir. 2016) (citations omitted).  A "reasonable" hourly rate is usually the ordinary rate for similar work in the community where the case has been litigated. *Fish v. St. Cloud State Univ.*, 295 F.3d 849, 851 (8th Cir. 2002).  The United States Supreme Court has set forth twelve factors to be considered when making a lodestar determination:  (1) time and labor required; (2) novelty and difficulty of the questions; (3) skill requisite to perform the legal service properly; (4) preclusion of other employment, due to acceptance of case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *See Hensley v. Eckerhart*, 461 U.S. 424, 430 n.3 (1983).  After determining the lodestar amount, the Court must then "consider whether other factors not considered in arriving at the lodestar amount suggest upward or downward adjustment to arrive at the appropriate fee award." *Reeder-Simco GMC, Inc. v. Volvo GM Heavy Truck Corp.*, No. 2:00-cv-2031-RTD, 2006 WL 1445719, at *1 (W.D. Ark. May 22, 2006) (citing *Hensley*, 461 U.S. at 434).

In support of Plaintiff's requested attorney fees, Plaintiff provided an itemized billing sheet reflecting the amount of work done by Mr. McGaha on this matter and the amounts charged.  (ECF

5

No. 15-1). Plaintiff's billing sheet provides that Mr. McGaha billed Plaintiff 6.5 hours at a rate of $300 per hour for his work on this case. The United States District Court for the Western District of Arkansas has previously ruled that "Mr. McGaha's requested rate of $300 per hour is reasonable" when sought in a FDCPA case. *Reygadas v. DNF Associates, LLC*, No. 2:18-cv-02184, 2019 WL 7116357 at *5 (W.D. Ark. Dec. 23, 2019).

The Court has reviewed the billing records submitted and, after considering the lodestar factors, finds that the number of hours and billable rates presented by Mr. McGaha are reasonable in the Western District of Arkansas. The Court sees no factor that warrants an upward or downward adjustment of the lodestar. Accordingly, Plaintiff is entitled to recover reasonable attorneys' fees in the amount of $1,950.

### III.  CONCLUSION

For the reasons stated above, the Court finds that Plaintiff's Motion for Default Judgment (ECF No. 14) should be and hereby is **GRANTED**. Judgment shall be in favor of Plaintiff Timothy Dean Williams against Defendant Darrel Blount in the amount of $1,000 in statutory damages and $2,860 in actual damages. The total damages awarded equal $3,860. The Court also awards Plaintiff attorney fees of $1,950. A judgment of even date consistent with this order shall issue.

**IT IS SO ORDERED**, this 17th day of November, 2021.

/s/ Susan O. Hickey  
Susan O. Hickey  
Chief United States District Judge